# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 23, 2011

No. 10-50404
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARYAM GHARBI,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:04-CR-180-13

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Maryam Gharbi was convicted of conspiring to making a false statement to the Department of Housing and Urban Development. She was sentenced to probation and ordered to make restitution in the amount of $84,914, jointly and severally with several codefendants. Pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.*, the Government subsequently instituted garnishment proceedings on the sale of real property in which Gharbi

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50404

had an interest to collect an outstanding balance of $62,866.70 on the restitution Gharbi owed.

Now, Gharbi appeals the district court's denial of her "Request for Hearing, Claim for Exemptions, and/or Request for Transfer" and that court's Disposition Order in the garnishment proceeding. Gharbi has not briefed the district court's denial of her "Request for Hearing, Claim for Exemptions, and/or Request for Transfer." While *pro se* briefs are afforded liberal construction, even *pro se* litigants must brief arguments to preserve them. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Accordingly, any arguments relative to the district court's denial of that motion are deemed abandoned. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Gharbi's remaining argument, complaining about the unfairness of the Disposition Order, lacks any legal basis. The Government was entitled to a writ of garnishment on the sale of real property in which she had an interest to enforce the order of restitution as to the outstanding balance that Gharbi owed. *See* 18 U.S.C. §§ 3613(f), 3664(m)(1)(A); *United States v. DeCay*, 620 F.3d 534, 539 (5th Cir. 2010).

AFFIRMED.